■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY ANTHONY, Appellant.—Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered November 7, 1990, convicting defendant of assault in the second degree (Indictment No. 6020/89), and the judgment of said court and Justice rendered November 7, 1990, convicting defendant, upon his plea of guilty, of assault in the second degree (Indictment No. 1107/89), and sentencing him to concurrent terms of 3½ to 7 years, as a second violent felony offender, and judgment of resentence, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered November 7, 1990 (Indictment No. 955/88), which, upon revocation of probation, vacated the original sentence of said court (John P. Collins, J.), rendered September 9, 1988, which, upon defendant's plea of guilty, had sentenced him to a term of six months imprisonment and 4½ years probation, and imposed upon defendant a definite term of 1 year imprisonment, all unanimously affirmed.

There was no abuse of discretion in denying defendant youthful offender status (CPL 720.20 [1]; People v Cruickshank, 105 AD2d 325, 333, affd sub nom. People v Dawn Maria C., 67 NY2d 625). The purpose of the statute, which is to protect hasty youth from the social stigmatization of a criminal record for a thoughtless act, would not be served by affording such relief to defendant, who callously shot his victim over the

repayment of a small debt. Additionally, defendant's unfavorable presentence report and the fact that defendant stood convicted of previous offenses do not warrant the grant of such favorable relief.

Defendant's contention that his confession under Indictment No. 6020/89 should have been suppressed, because questioning by precinct detectives concerning an unrelated murder case constituted a subterfuge which elicited his confession to the crime charged, is without merit. Indeed, there is no evidence that defendant was in any way "tricked" into confessing. To the contrary, the hearing evidence amply illustrates that defendant was given proper *Miranda* warnings, and that his confession was voluntary. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.